UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONIQUE R. GUNN,<br><br>                Plaintiff,<br>vs.<br><br>LINDSAY CORPORATION,<br>STEVE VAN VOSSEN, and<br>KELLY STAUP,<br><br>                Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br>**(JURY DEMAND)** |

Plaintiff Monique R. Gunn, an individual ("Plaintiff Gunn"), for her Complaint against Defendants, Lindsay Corporation ("Lindsay Corporation" or "Defendant Lindsay"), Steve Van Vossen ("Defendant Van Vossen"), and Kelly Staup ("Defendant Staup") (collectively, "Defendants"), states as follows:

### PARTIES

1. Plaintiff Gunn, an individual, is a resident of Douglas County, Nebraska.
2. Defendant Lindsay was incorporated under the laws of the State of Delaware.
3. Defendant Lindsay is registered as a foreign corporation doing business in the State of Nebraska.
4. Defendant Lindsay's principle place of business in the State of Nebraska is in Douglas County, Nebraska.
5. Upon information and belief, Defendant Van Vossen, an individual, is a resident of Douglas County, Nebraska.
6. Upon information and belief, Defendant Kally Staup, an individual, is a resident of Douglas County, Nebraska.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.
8. The Court has personal jurisdiction over Defendants because Defendant Van Vossen and Defendant Staup are residents of the State of Nebraska and all facts and circumstances arising supporting Plaintiff's allegations herein occurred in the State of Nebraska.
9. Plaintiff Gunn exhausted the administrative complaint process and received the final determination and notice of her right to sue in court from the Equal Employment Opportunity Commission ("EEOC") on her underlying complaint ninety (90) days preceding the filing of this Complaint herein; no appeal has been filed therein.
10. Plaintiff Gunn filed her underlying complaint with the Nebraska Equal Opportunity Commission ("NEOC") within 300 days of the alleged unlawful practice(s).

## FACTUAL BACKGROUND

11. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

### A. Lindsay Corporation

12. Defendant Lindsay (f/k/a Lindsay Manufacturing Co.) was incorporated under the laws of the State of Delaware on or about June 17, 1976.
13. Defendant Lindsay was registered as a foreign corporation in the State of Nebraska on or about June 29, 1976.
14. Defendant Lindsay purports to act and do business as a global force of innovation in a variety of segments, including (1) helping farmers feed the world and conserve precious resources; (2) helping metropolitan regions keep burgeoning populations moving freely and safely; (3) and helping businesses thrive with better industrial connectivity solutions.

15. During all times relevant hereto, Defendant Lindsay employed more than Five Hundred (500) employees.
16. During all times relevant hereto, Defendant Lindsay has failed to employ any Black females for senior management positions.
17. Defendant Van Vossen has been employed at Lindsay Corporation from September 2022 to present.
18. Defendant Van Vossen is Vice President of Global Supply Chain at Lindsay Corporation.
19. Upon information and belief, Defendant Van Vossen is a white male (age unknown).
20. Nick Scarcello ("Scarcello") has been employed at Lindsay Corporation from July 2018 to present.
21. Scarcello was hired by Defendant Lindsay for the position of Category Sourcing Manager.
22. In June 2021, Scarcello tendered his resignation to Defendant Lindsay.
23. In August 2021, to induce Scarcello to remain employed, Dave Salin promoted Scarcello to the newly created position of "Supply Chain Manager" at Defendant Lindsay.
24. Defendant Lindsay did not post the position nor offer Plaintiff Gunn the opportunity to apply for the position of Supply Chain Manager.
25. Plaintiff Gunn complained to Defendant Staup that she believed Scarcello's promotion and the hiring process for the position of Supply Chain Manager was unfair.
26. On or about January 25, 2023, Scarcello was promoted to the position of Sr. Manager Global Supply Chain at Lindsay Corporation.
27. Upon information and belief, Scarcello is a white male under the age of forty (40).
28. Corbin Kloewer ("Kloewer") has been employed at Lindsay Corporation from mid-2019 to present.
29. Kloewer was hired by Defendant Lindsay for the position of Sr. Buyer.

30. In 2019, Kloewer was promoted to the position of Category Sourcing Manager.
31. Between September 2022 and January 2023, Kloewer was promoted to the position of Sr. Manager Global Tactical at Lindsay Corporation.
32. In February 2023, Defendant Van Vossen announced that Kloewer had been promoted to the leadership role of Sr. Manager Global Tactical.
33. Defendant Lindsay did not post the position nor offer Plaintiff Gunn the opportunity to apply for the position of Sr. Manager Global Tactical.
34. Upon information and belief, Kloewer is a white male (age unknown).
35. Kelly Staup is Sr. Vice President of Human Resources and Chief Diversity Officer.
36. Upon information and belief, Kelly Staup is a white female (age unknown).
37. Dave Salin was formerly employed at Defendant Lindsay in the position of Sr. VP of Operations.
38. The Sr. VP of Operations supervises the Vice President of Global Supply Chain at Lindsay Corporation.

**B.     Gunn's Employment**

39. Plaintiff Gunn was formerly employed by Defendant Lindsay Corporation from May 24, 2018 through February 28, 2023.
40. Plaintiff Gunn was hired by Defendant Lindsay for the position of Category Sourcing Manager.
41. During her employment, Plaintiff laterally transferred to the position of Operational Sourcing Manager; she later laterally transferred back to the position of Category Sourcing Manager.
42. In September 2022, Defendant Van Vossen became Plaintiff's Gunn's direct supervisor.
43. Defendant Van Vossen displayed favoritism to Scarcello and Kloewer, holding frequent meetings with them.

44. Conversely, Defendant Van Vossen barely communicated with Plaintiff Gunn and gave her the 'cold shoulder.'
45. In December 2022, Defendant Lindsay internally posted an opening for the position of Sr. Manager Global Supply Chain.
46. On or about December 20, 2022, Plaintiff Gunn applied for the position of Sr. Manager Global Supply Chain.
47. Plaintiff Gunn met the applicable job qualifications for the position of Sr. Manager Global Supply Chain.
48. Upon information and belief, Scarcello also applied for the position of Sr. Manager Global Supply Chain.
49. Defendant Van Vossen participated in the hiring process for the position of Sr. Manager Global Supply Chain.
50. Upon information and belief, Defendant Van Vossen prepared the questions for the candidates to address in their interviews.
51. Upon information and belief, Defendant Van Vossen prepared the rubric for the panelists to assess the candidate's answers to his questions in their interview.
52. Upon information and belief, Defendant Van Vossen conspired with Scarcello by providing him with the answers to his interview questions in advance.
53. On or about January 13, 2023, Plaintiff Gunn interviewed for the position of Sr. Manager Global Supply Chain.
54. The interviews were conducted by panels of senior managers, including Defendant Staup.
55. Defendant Staup was the only female panelist that Plaintiff Gunn interviewed with for the position of Sr. Manager Global Supply Chain.
56. There were no Black panelists for the interviews for the position of Sr. Manager Global Supply Chain.
57. Due to her age, race and sex, Plaintiff Gunn was subject to different terms and conditions of employment.
58. Due to her age, race and sex, Plaintiff Gunn was denied a promotion to the position of Sr. Manager Global Supply Chain.

59. On or about January 25, 2023, Plaintiff Gunn was notified that Nick Scarcello was promoted to the position of Sr. Manager Global Supply Chain.
60. Plaintiff Gunn was more qualified than Scarcello for the position of Sr. Manager Global Supply Chain.
61. Plaintiff Gunn was the most qualified candidate for the position of Sr. Manager Global Supply Chain.
62. On or about January 25, 2023, Plaintiff Gunn was notified that Defendant Van Vossen and Defendant Staup decided not to promote her to the position of Sr. Manager Global Supply Chain.
63. Upon information and belief, Defendant Van Vossen was a key decision-maker in the decision not to promote Plaintiff Gunn.
64. Upon information and belief, Defendant Staup was a key decision-maker in the decision not to promote Plaintiff Gunn.
65. In February 2023, Defendant Van Vossen presented his newly created organizational chart.
66. Plaintiff Gunn was forced to constructively discharge on or about February 28, 2023.
67. Upon information and belief, Defendants intended to make Plaintiff Gunn resign.
68. A reasonable person would have found the working conditions intolerable.
69. Plaintiff Gunn's resignation as reasonably foreseeable given the conditions under which she was working.

## FIRST CAUSE OF ACTION
*Discrimination on the Basis of Race or Color*
*Title VII of the Civil Rights Act of 1964, as amended*

70. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
71. Plaintiff Gunn is Black.
72. Defendants discriminated against Plaintiff Gunn in connection with the terms, conditions and privileges of her employment

because of her race or color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.
73. Plaintiff Gunn's race or color was a motivating and/or determining factor in Defendants' adverse employment actions by failing to promote Plaintiff Gunn.
74. Defendant treated white, similarly situated employees more favorably than Plaintiff Gunn.
75. Instead of promoting Plaintiff Gunn, Defendant promoted white employees with less qualifications.
76. Defendants' conduct was intentional, willful, deliberate and in callous disregard of Plaintiff Gunn's rights.
77. Defendants acted with malice or reckless indifference to Plaintiff Gunn's right not to be discriminated against based upon her race or color.
78. Defendants did not make good faith efforts to comply with the law prohibiting discrimination based on race or color.
79. As a result of Defendants' discriminatory conduct and failure to promote Plaintiff Gunn because of her race or color, she felt forced to resign.
80. Defendants constructively discharged Plaintiff Gunn due to Plaintiff Gunn's race or color.
81. By reason of Defendants' discrimination, Plaintiff Gunn is entitled to all legal and equitable remedies, including compensatory and punitive damages, available under Title VII.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

## SECOND CAUSE OF ACTION
### *Section 48-1104 of the Nebraska Fair Employment Practice Act*

82. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
83. Plaintiff Gunn specifically incorporates each allegation set forth in the First Cause of Action above as if fully set forth herein.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

## THIRD CAUSE OF ACTION
### *Discrimination on the Basis of Sex or Gender*
### *Title VII of the Civil Rights Act of 1964, as amended*

84. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
85. Plaintiff Gunn is female.
86. Defendants discriminated against Ms. Gunn in connection with the compensation, terms, conditions and privileges of her employment because of her sex in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e et seq.
87. Plaintiff Gunn's sex or gender was a motivating and/or determining factor in Defendants' adverse employment actions by failing to promote Plaintiff Gunn.
88. Defendant treated male, similarly situated employees more favorably than Plaintiff Gunn.
89. Instead of promoting Plaintiff Gunn, Defendant promoted male employees with less qualifications.
90. Defendants' conduct was intentional, willful, deliberate and in callous disregard of Ms. Gunn's rights.

91. Defendants acted with malice or reckless indifference to Plaintiff Gunn's right not to be discriminated against based upon her sex or gender.
92. Defendants did not make good faith efforts to comply with the law prohibiting discrimination based on sex or gender.
93. As a result of Defendants' discriminatory conduct and failure to promote Plaintiff Gunn because of her sex or gender, she felt forced to resign.
94. Defendants constructively discharged Plaintiff Gunn due to Plaintiff Gunn's sex or gender.
95. By reason of Defendants' discrimination, Ms. Gunn is entitled to all legal and equitable remedies, including compensatory and punitive damages, available under Title VII.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

## FOURTH CAUSE OF ACTION
### *Section 48-1104 of the Nebraska Fair Employment Practice Act*

96. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
97. Plaintiff Gunn specifically incorporates each allegation set forth in the Third Cause of Action above as if fully set forth herein.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

## FIFTH CAUSE OF ACTION
### *Age Discrimination in Employment Act of 1967, as amended*

98. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
99. Plaintiff Gunn is over the age of forty (40).
100. Defendants discriminated against Plaintiff Gunn in connection with compensation, terms, conditions, and privileges of her employment because of her age in violation of the prohibition of age discrimination, 29 U.S.C §§ 623 et seq.
101. Plaintiff Gunn's age was a motivating and/or determining factor in Defendants' adverse employment actions by failing to promote Plaintiff Gunn.
102. Defendant treated substantially younger, similarly situated employees more favorably than Plaintiff Gunn.
103. Instead of promoting Plaintiff Gunn, Defendant promoted substantially younger employees with less qualifications.
104. Defendants' conduct was intentional, willful, deliberate and in callous disregard of Ms. Gunn's rights.
105. Defendants acted with malice or reckless indifference to Plaintiff Gunn's right not to be discriminated against based upon her age.
106. Defendants did not make good faith efforts to comply with the law prohibiting discrimination based on age.
107. As a result of Defendants' discriminatory conduct and failure to promote Plaintiff Gunn because of her age, she felt forced to resign.
108. Defendants constructively discharged Plaintiff Gunn due to Plaintiff Gunn's age.
109. By reason of the defendants' discrimination, Plaintiff Gunn is entitled to all legal and equitable remedies available under the Prohibition of age discrimination.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum

legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

### SIXTH CAUSE OF ACTION
*Section 48-1004 of the Nebraska Age Discrimination in Employment Act*

110. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.
111. Plaintiff Gunn specifically incorporates each allegation set forth in the Fifth Cause of Action above as if fully set forth herein.

WHEREFORE, Plaintiff Monique R. Gunn respectfully requests that the Court enter judgment in its favor and against Defendants in an amount to be proven at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of attorneys' fees and costs, and further relief at this Court deems just and equitable.

### JURY DEMAND

Plaintiff Gunn demands a trial by jury as to all issues so triable. Plaintiff designates Omaha, Nebraska as the place for trial.

Dated: May 28, 2024.

                          Monique R. Gunn, Plaintiff,

                By:   /s/ Angela Forss Schmit
                        Angela Forss Schmit, #25150
                        Sara A. Larson, #22154
                        Koukol Johnson Schmit & Milone, LLC
                        3839 South 148th Street, Suite 160
                        Omaha, NE 68144
                        Phone: (402) 934-9499
                        Email: aschmit@lifelonglawyers.com
                                  slarson@lifelonglawyers.com
                        Attorneys for Plaintiff

## Verification

STATE OF NEBRASKA         )
                          ) ss.
COUNTY OF DOUGLAS         )

Monique R. Gunn, being first duly sworn upon oath, deposes and states that she appeared before me this 28th day of May 2024, a duly authorized notary public, known to be the identified person described above and who has executed the foregoing Complaint (Jury Demand) and acknowledges the same to be her free and voluntary act and deed.

_____
Monique R. Gunn

Subscribed and sworn to before me this 28th day of May 2024.

GENERAL NOTARY - State of Nebraska
JENNIFER D. SHATEL
My Comm. Exp. October 1, 2026

_____
Notary Public

Page 12 of 12